UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS LOPEZ, et al.,

            Plaintiffs,

-against-

CALLE 8, LLC, et al.,

            Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/24/2019
```

18-CV-2173 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

      The Court has received and reviewed the parties' joint letter dated April 8, 2019 (Dkt. No. 58), as well as their revised proposed settlement agreement (Agreement) (Dkt. No. 64), pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Calle 8, LLC, S&P Rothdish, LLC, Jeffrey Kadish, Robert Stavis, Lawrence Bernstein, and William Montgomery (collectively, the Signatory Defendants) to pay $65,000 to settle this action. Ag. ¶ 4(A). Of that sum, $43,333.32 will go to plaintiff Carlos Lopez, in full settlement of his Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims, *id*. ¶¶ 4(B)(i)-(vi), and $21,666.68 will go to plaintiff's attorneys for their fees and costs. *Id.* The defendants will pay an initial installment of $25,000, 35 days after the Court issues a final order, followed by five additional installments of $8,000 each, every 30 days. *Id*. ¶¶ 4(B)(i)-(vi), 4(C)(i). Each payment will be distributed proportionately between plaintiff and his counsel. *Id*. ¶¶ 4(B)(i)-(vi).

      Defendant Jeffrey Kadish has executed a confession of judgment, on his own behalf and on behalf of Calle 8, LLC, in the amount of $65,000, less any payments made under the Agreement, which may be entered if defendants fail to make a settlement payment on time and then fail to cure the default within ten business days of receipt of a written notice of default. Ag. ¶ 5 & Ex. B.

The Agreement includes mutual releases in which the plaintiff and the Signatory Defendants release each other from "any and all claims" that were or could have been asserted in this action, whether "known or unknown" that exist or may have existed "on or prior to the Effective Date of this Agreement." Ag. ¶ 6(B) & (C). There is no confidentiality clause or other contractual restriction on any party's ability to speak about the case or its settlement.

The Court has reviewed the terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. The proposed attorney's fee award is also reasonable. Plaintiff's attorneys will receive $21,666.68 in fees and costs, of which $880.00 will reimburse them for the filing fee and other out-of-pocket costs incurred by counsel in connection with this action (see Dkt. No. 58-3), leaving $20,786.68 for their attorneys' fee award. That sum represents approximately 32.4% of the net settlement payment of $64,120.00 (the gross settlement payment less costs), which is within the range ordinarily approved in this district. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *1 n.1 (S.D.N.Y. Aug. 31, 2015) ("attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs"). I have also reviewed counsel's time records, which show a lodestar of $9,441.00 and do not call into question the reasonableness of the fee.

Defendants Paul Zweben and Spencer Rothschild (the Non-Signatory Defendants) never appeared or defended this action. Although plaintiff filed affidavits of service of summons and complaint as to both of them, reflecting service of process on March 24, 2018 (Dkt. Nos. 29, 31), plaintiff never sought a default judgment against either of the Non-Signatory Defendants. Nor does

he seek such relief in connection with the settlement. Instead, the Agreement expressly excludes Zweben and Rothschild "from the defined term, 'Defendants,'" Ag. at 2, thereby excluding them from the release provisions of the Agreement, which further states, in ¶ 3, that "[n]othing herein shall prevent Plaintiff from pursuing any claims that he may have against non-appearing defendants Paul Zweben and Spencer Rothschild and nothing herein shall be construed as dismissing any claims that Plaintiff has asserted against Paul Zweben and/or Spencer Rothschild in the Action."

Accordingly, the proposed settlement is APPROVED, and the claims against the Signatory Defendants (Calle 8, LLC, S&P Rothdish, LLC, Jeffrey Kadish, Robert Stavis, Lawrence Bernstein, and William Montgomery) are DISMISSED WITH PREJUDICE.

The claims against the Non-Signatory Defendants (Paul Zweben and Spencer Rothschild) will not be dismissed at this time. However, since plaintiff has failed to prosecute his claims against these defendants for more than one year, he shall SHOW CAUSE IN WRITING, no later than **July 8, 2019**, why those claims should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: New York, New York  
June 24, 2019

**SO ORDERED**.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**